■ DUCKS HOCKEY CLUB, INC., Respondent, v. MOUNT VERNON FIRE INSURANCE COMPANY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Suffolk County, entered October 28, 1970, which *inter alia* adjudged defendant to be obligated under an insurance policy to defend plaintiff with respect to the personal injury action commenced against plaintiff. Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered declaring that defendant was not obligated to defend plaintiff in the action commenced by an injured ice skater against it nor to pay any judgment entered therein. Defendant underwrote a liability policy for plaintiff (lessee of the Long Island Arena) which described the insurance coverage as follows: "Exhibitons [*sic*] — in buildings — including athletic contests and all undertakings operated by the insured — Spectator Liability." An action was brought against the plaintiff herein by an ice skater who allegedly injured herself while skating in plaintiff's rink which was open to the public on paying an admission charge. Defendant disclaimed coverage, whereupon plaintiff commenced the instant action for a declaratory judgment seeking to determine the validity of such disclaimer. In our opinion, the quoted language in the insurance policy regarding the risks being assumed by the defendant carrier manifests an intent to insure only that liability resulting from spectators being present in the building for exhibitions, athletic contests or any other undertaking operated by insured (plaintiff), and not for the risk of the participatory sport of ice skating. Unlike Special Term, we find no ambiguity in the language of the policy relating to the risks covered. In addition to the seemingly clear and unambiguous language of the policy, there additionally appears on the policy, under the description of the hazards covered, the Code Number 362s. The uncontradicted testimony of both of defendant's experts explained that the premiums on the policy in question were paid in accordance with the rates set forth in the standard New York State insurance manual under Code Number 362s — spectator liability. Risks associated with insuring participants using skating rinks are categorized according to the manual with the Code Number 350s. Such manual additionally sets forth the rates for insuring the participatory risk as opposed to the spectator risk — the former risk being twelve times greater. Proof at the trial showed that plaintiff was only paying for the lower spectator risk. Indeed, the proof adduced at the trial showed that, on one occasion when plaintiff wanted coverage for participants in an automobile show, a specific request for participational insurance coverage was made and plaintiff was charged an additional premium over and above the amount paid for spectator liability insurance. In sum, a reading of the entire policy and the proof adduced at the trial leads us inescapably to the conclusion that defendant carrier was not obligated to defend the action commenced against its insured on the ground that the plaintiff (in the action commenced against plaintiff herein) sustained her injuries while ice skating — a risk not encompassed in the policy. Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.